# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# BENTON DIVISION

| | |
|---|---|
| HUNTER ASH, | ) |
| | ) |
| Plaintiff, | ) Case: 3:23-cv-00771 |
| | ) |
| v. | ) |
| | ) |
| HELP AT HOME, LLC, | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, Hunter Ash ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Help At Home, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants sex-based (sexual orientation) discrimination, Defendant's sex-based harassment, and retaliation for engaging in protected activity under Title VII.

2. This lawsuit also arises under Illinois common law of retaliatory discharge for Plaintiff engaging in protected activity and being terminated in retaliation.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4. Venue of this action properly lies in the Southern District of Illinois, Benton Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5.      This Court has pendent jurisdiction and supplementary jurisdiction of Count IV through 28 U.S.C. § 1367.

## ADMINISTRATIVE PREREQUISITES

6.      All conditions precedent to jurisdiction under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*, have occurred or been complied with.

7.      A charge of employment discrimination on basis of sex (sexual orientation) and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

8.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## THE PARTIES

9.      At all times material to the allegations of this Complaint, Plaintiff, Hunter Ash, resides in Johnson County, Illinois.

10.     At all times material to the allegations in this Complaint, Defendant, Help at Home, LLC is a limited liability company doing business in and for Jackson County, Illinois, whose headquarters address is 1 N State St. #8 8th Floor, Chicago, Illinois 60602.

11.     At all times relevant, Plaintiff was employed and worked at Defendant's location in Jackson County at 1350 E. Mall Drive Carbondale, IL 62901.

## BACKGROUND FACTS

12.     Plaintiff began working for Defendant as a Counter Supervisor on or about July 1, 2022.

13.     Throughout the Plaintiff's employment he was subjected to disparate treatment on

the basis of his sexual orientation.

14. On or about September 26, 2022, Plaintiff went to Human Resources to report three issues that he was experiencing.

15. First, Supervisor Kelly (last name unknown) and Supervisor Donna (last name unknown) have, on more than one occasion, made offensive comments regarding Plaintiff's sexual orientation such as, "Eww, gay, yuck", and "Being gay is nasty."

16. Kelly and Donna would also yell at Plaintiff out of the blue for no reason.

17. Second, Plaintiff also complained about not being correctly paid.

18. Lastly, Plaintiff also reported that Defendant found that there were deceased individuals in the system, yet Defendant was still billing the deceased individuals insurance provided.

19. These complaints of sexual orientation based harassment, wage issues, and insurance fraud all are categorized as protected activity.

20. On or about September 28, 2022, Plaintiff was suspended in retaliation.

21. On or about October 5, 2022, Plaintiff was terminated in direct retaliation for making my complaints known.

22. Plaintiff performed his job to satisfaction and Defendant subjected Plaintiff to adverse employment actions on the basis of his sexual orientation and for engaging in protected activity.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sexual Orientation-Based Discrimination)

23. Plaintiff repeats and re-alleges paragraphs 1-22 as if fully stated herein.

24. By virtue of the conduct alleged herein, Defendant intentionally discriminated

against Plaintiff based on his sexual orientation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

25. Plaintiff was treated less favorably than similarly situated employees outside of his protected class.

26. Plaintiff was subjected to an adverse employment on the basis of his sexual orientation when he was terminated by Defendant.

27. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

28. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

29. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### Sexual Orientation-Based Harassment

30. Plaintiff repeats and re-alleges paragraphs 1-22 as if fully stated herein.

31. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his sex (sexual orientation), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

32. Defendant knew or should have known of the harassment.

33. The sexual orientation-based harassment was severe or pervasive.

34. The sexual orientation harassment was offensive subjectively and objectively.

35. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his sexual orientation.

36. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

37. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>COUNT III</u>
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

38. Plaintiff repeats and re-alleges paragraphs 1-22 as if fully stated herein.

39. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

40. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sexual orientation-based harassment which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

41. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

42. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

43. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

44. By virtue of the foregoing, Defendant retaliated against Plaintiff based on him reporting the sex orientation-based discrimination, thereby violating Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

45. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

46. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

47. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Demand for Relief for Retaliatory Discharge

48. Plaintiff repeats and re-alleges paragraphs 1-22 as if fully stated herein.

49. This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

50. Illinois common law recognizes a cause of action for retaliatory discharge.

51. Plaintiff's employment was terminated by the Defendant.

52. Plaintiff's discharge was in retaliation for action of the Plaintiff's protected activity of reporting the illegal activity.

53. The termination of Plaintiff's employment violates a clear mandate of public policy.

54. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under common law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Compensatory and punitive damages;

d. Reasonable attorneys' fees and costs;

e. Award pre-judgment interest if applicable; and

f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 2nd day of March, 2023.

/s/ *Mohammed O. Badwan*
**Mohammed O. Badwan, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8180
mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*