# Exhibit A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# BENTON DIVISION

| | |
|---|---|
| HUNTER ASH, | ) |
| | ) |
| Plaintiff, | ) Case: 3:23-cv-00771-RJD |
| | ) |
| v. | ) |
| | ) |
| HELP AT HOME, LLC, | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Hunter Ash ("Plaintiff"), by and through the undersigned counsel, hereby files this Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1) against Help At Home, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants sex-based (sexual orientation) discrimination, Defendant's sex-based harassment, and retaliation for engaging in protected activity under Title VII.

2. This lawsuit also arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. (the "FLSA") for Defendant's retaliation under Section 15(a)(3) of the FLSA.

3. This lawsuit also arises under Illinois common law of retaliatory discharge for Plaintiff engaging in protected activity and being terminated in retaliation.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

5. Venue of this action properly lies in the Southern District of Illinois, Benton Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. This Court has pendent jurisdiction and supplementary jurisdiction of Count IV through 28 U.S.C. § 1367.

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent to jurisdiction under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*, have occurred or been complied with.

8. A charge of employment discrimination on basis of sex (sexual orientation) and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## THE PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff, Hunter Ash, resides in Johnson County, Illinois.

11. At all times material to the allegations in this Complaint, Defendant, Help at Home, LLC is a limited liability company doing business in and for Jackson County, Illinois, whose headquarters address is 1 N State St. #8 8th Floor, Chicago, Illinois 60602.

12. At all times relevant, Plaintiff was employed and worked at Defendant's location in Jackson County at 1350 E. Mall Drive Carbondale, IL 62901.

## BACKGROUND FACTS

13. Plaintiff began working for Defendant as a Counter Supervisor on or about July 1, 2022.

14. Throughout the Plaintiff's employment he was subjected to disparate treatment on the basis of his sexual orientation.

15. Plaintiff is homosexual, which is a protected class under Title VII.

16. During Plaintiff's employment, Plaintiff noticed that Defendant billed the insurance even though the individual that the services were not being rendered due to the individual was deceased.

17. In other words, Plaintiff has reasonable belief that Defendant was committing insurance fraud after observing multiple example of billing insurances even though the individuals was deceased.

18. On or about September 26, 2022, Plaintiff went to Jamie Hinkle and Plaintiff's Area Coach (name unknown at this time) and complained to them that he found that there were deceased individuals in the system, yet Defendant was still billing the deceased individuals' insurance.

19. Effectively, Plaintiff reported illegal activity and Jamie and Area Coach said they would look into it.

20. On or about September 26, 2022, Plaintiff also went to Human Resources to report issues that he was experiencing regarding him being treated less favorably than similar situated heterosexual coworkers.

21. First, Plaintiff reported that Supervisor Kelly (last name unknown) and Supervisor Donna (last name unknown) have, on more than one occasion, made offensive comments regarding

Plaintiff's sexual orientation such as, "Eww, gay, yuck", and "Being gay is nasty."

22. Compared to heterosexual coworkers, Plaintiff was treated less favorably based on his protected class.

23. Plaintiff's supervisors' comments showed their propensity to treat Plaintiff less favorably based on his protected class compared to heterosexual counter parts.

24. Plaintiff also complained about not being paid correctly and not being paid on time.

25. These complaints of sexual orientation based harassment, wage issues, and insurance fraud all are categorized as protected activity.

26. As such, Plaintiff engaged in protected activity under Title VII, common law, and under the Fair Labor Standard Act.

27. On or about September 28, 2022, Plaintiff was suspended in retaliation for engaging in protected activity.

28. On or about October 5, 2022, Plaintiff was terminated in direct retaliation for making his complaints known.

29. Plaintiff performed his job to satisfaction and Defendant subjected Plaintiff to adverse employment actions on the basis of his sexual orientation and for engaging in protected activity.

30. Within nine total days from engaging in protected activity, Plaintiff was suspended and ultimately terminated.

31. As a direct and proximate result of the discrimination and retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress,

humiliation and loss of enjoyment of life.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sexual Orientation-Based Discrimination)

32. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

33. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his sexual orientation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

34. Plaintiff was treated less favorably than similarly situated employees outside of his protected class.

35. Plaintiff was subjected to an adverse employment on the basis of his sexual orientation when he was terminated by Defendant.

36. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

37. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

38. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

39. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

40. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

41. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to

Defendant about conduct that constituted unlawful sexual orientation-based harassment which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

42. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

43. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

44. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

45. By virtue of the foregoing, Defendant retaliated against Plaintiff based on him reporting the sex orientation-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

46. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

47. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

48. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**<u>COUNT III</u>**
**Violation of the Fair Labor Standards Act**
**(Retaliation)**

49. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

50. This Count arises from Defendant's violation of the FLSA for Defendant's retaliatory acts.

51. On or around September 26, 2022, Plaintiff reported not being paid correctly for all hours worked and not being paid on time.

52. On September 28, 2022, Defendant suspended Plaintiff.

53. On October 5, 2022, Defendant terminated Plaintiff.

54. Pursuant to Section 15(a)(3) of the FLSA, it is unlawful to discriminate against an employee because such an employee has filed a Complaint under or related to the FLSA.

55. Defendant's retaliatory acts, specifically the Plaintiff's employment termination and civil action filed against Plaintiff, performed after issuing a settlement letter in this matter, violates Section 15(a)(3) of the FLSA.

56. The Plaintiff is entitled to recover such legal or equitable relief as may be appropriate to effectuate the purposes of Section 15(a)(3) of the FLSA.

## COUNT IV
### Demand for Relief for Retaliatory Discharge

57. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

58. This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

59. Illinois common law recognizes a cause of action for retaliatory discharge.

60. Plaintiff's employment was terminated by the Defendant.

61. Plaintiff's discharge was in retaliation for action of the Plaintiff's protected activity of reporting the illegal activity.

62. The termination of Plaintiff's employment violates a clear mandate of public policy.

63. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under common law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Compensatory and punitive damages;

d. Reasonable attorneys' fees and costs;

e. Award pre-judgment interest if applicable; and

f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 5th day of June, 2023.

/s/ *Mohammed O. Badwan*
**Mohammed O. Badwan, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8180
mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148

Phone (331) 307 - 7632  
Fax (630) 575 - 8188  
ceisenback@sulaimanlaw.com  
*Attorney for Plaintiff*