IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HUNTER ASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-771-RJD |
| | ) |
| HELP AT HOME, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Hunter Ash filed this suit pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S..C. §2000e et seq. ("Title VII") and the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (the "FLSA"). He also brings a claim under Illinois common law for retaliatory discharge, invoking this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367. Plaintiff alleges that he was discriminated and retaliated against by his former employer, Help at Home, LLC ("HAH"). HAH filed a Motion to Dismiss (Doc. 30), and Plaintiff responded (Doc. 33). As explained further, Defendant's Motion is DENIED.

**Plaintiff's Amended Complaint (Doc. 28)**

Plaintiff alleges that he started working at HAH's Carbondale, Illinois office on July 1, 2022. *Id.*, ¶¶12, 13. Plaintiff is homosexual, and alleges that his supervisors made offensive comments regarding his sexuality, such as "eww, gay, yuck" and "being gay is nasty." *Id.*, ¶¶15, 8u21. Plaintiff was treated less favorably than his heterosexual coworkers; he was not paid on time and he was not paid the correct amount. *Id.*, ¶¶22, 24. During his time at HAH, Plaintiff

noticed that the company was billing insurance for services rendered to individuals who were deceased.  *Id*., ¶16.

Plaintiff reported the questionable billing practices to specific individuals at HAH (including his "Area Coach") on September 26, 2022, and they said they would "look into it."  *Id*., ¶18.  On or about that same date, Plaintiff also reported to Human Resources that his heterosexual co-workers were treated more favorably than he was, that he was not being paid on time, and he was not being paid "for all hours worked."  *Id*., ¶¶20, 24, 51.  HAH suspended Plaintiff on September 28, 2022 and terminated him on October 5, 2022.  *Id*., ¶¶27, 28.  Plaintiff alleges that he was terminated in retaliation for complaining about the disparate treatment, the wage issues, and informing Human Resources of the allegedly illegal billing practices.  *Id*.  Plaintiff alleges that prior to being fired, he "performed his job to satisfaction."  *Id*., ¶29.

## Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a complaint fails to state a claim upon which relief can be granted.  In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff.  *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted).  It is unnecessary for the claimant to set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief.  *See* FED. R. CIV. P. 8(a)(2).  Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## Count I-Violation of Title VII
## Discrimination based on Sexual Orientation

In 2020, the United States Supreme Court held that Title VII's prohibition against discrimination based on sex also prohibits discrimination based on sexual orientation. *Bostock v. Clayton Cty, Georgia*, 140 S.C.t 1731, 1744 (2020). To state a claim for discrimination based on sex under Title VII, the plaintiff must only allege that "the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his] sex." *Carlson v. CSX Transp., Inc*. 758 F.3d 819, 827 (7th Cir. 2014). Considering the specific allegations in Plaintiff's Amended Complaint, and the reasonable inferences from those allegations, Plaintiff alleges that he was not paid on time and/or not paid enough and/or fired because he is gay. These allegations state a plausible claim for sexual orientation discrimination under Title VII. *Id*.

Defendant contends that Plaintiff's Amended Complaint does not allege "legally actionable conduct." Defendant argues that Plaintiff merely alleges that his supervisors made "offhand comments" about his sexuality, which is not actionable conduct. This argument is quickly disposed-untimely compensation, inadequate compensation, and termination are all "adverse employment actions" under Title VII. *Alamo v. Bliss*, 864 F.3d 541, 552 (7th Cir. 2017).

Defendant then argues that Plaintiff "fails to establish" that he was treated less favorably than similarly situated individuals or a "connection between [his] sexual orientation and any adverse action." These arguments are appropriate for a summary judgment motion, not a motion to dismiss. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2017). To meet the pleading requirements for a Title VII discrimination claim, Plaintiff was not required to allege "the existence of a similarly situated comparator*."* *Id*. Instead, Plaintiff was required to include allegations that contain "enough facts to raise a reasonable expectation that discovery will reveal

evidence" supporting Plaintiff's claim. *See, e.g., Richardson v. Swift Transportation Co. of Arizona, LLC*, Case No. 17-c-4046, 2018 WL 1811332, N.D. Ill. Apr. 17, 2018 (*quoting Huri v. Office of the Chief Judge of the Circuit Ct. of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015)). In the short amount of time that Plaintiff worked for HAH, he alleges that: (1) his supervisors degraded his sexuality; (2) he did not receive the compensation to which he was entitled (either because it was late or less than he should have been paid); (3) and he was fired. Plaintiff attributes these issues to his sexuality, which meets the pleading standard for Title VII claims. *Carlson* (*citing EEOC. V. Concentra Health Svcs, Inc.*, 496 F.3d 773, 781-82 (7th Cir. 2007)). Consequently, Defendant's Motion to Dismiss Count I is DENIED.

### Counts II, III, and IV-Retaliation under Title VII, FLSA, and Illinois common law

Defendant makes one argument regarding Plaintiff's retaliation claims: that Plaintiff's Amended Complaint "fails to state a valid cause of action for retaliation" because it does not allege that HAH took a "materially adverse" action against him. This argument is not well-founded. Within two days of reporting discrimination, compensation issues, and illegal billing activity, Plaintiff was suspended; seven days later, he was fired. Terminating the employee is a "materially adverse" action in Title VII and FLSA retaliation claims. *Moser v. Indiana Dept. of Correction*, 406 F.3d 895, 904-05 (7th Cir. 2005); *Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 971-73 (7th Cir. 2012). Whether suspicious timing indicates that the employer violated the FLSA or Title VII is an issue for summary judgment. *Id*. Defendant does not argue that Plaintiff's retaliation claims are missing any other elements required by the FLSA or Title VII, nor does it address Plaintiff's common law claim for retaliatory discharge. Counts II, III, and IV of the Amended Complaint survive Defendant's Motion to Dismiss.

## Conclusion

Defendant's Motion to Dismiss (Doc. 30) is DENIED in its entirety.

**IT IS SO ORDERED.**

**DATED:   September 11, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**